## FREDERICK v. KOONS, ADMINISTRATOR.

[No. 6,085. Filed October 18, 1907.]

1. PLEADING.—*Complaint.* — *Conversion.* — *Decedents' Estates.* — A complaint by an administrator against his decedent's surviving husband, showing that such husband converted to his own use and benefit $1,600, the property of said estate, which he, on de- mand, refused to turn over to plaintiff, is sufficient, the allega- tion of the conversion of $1,600 necessarily implying that such sum consisted of lawful money. p. 422.
2. SAME.—*Demurrer.*—*To Complaint.*—*Paragraphs.*—A demurrer to a complaint should be overruled, where the complaint consisted of two paragraphs. one of which was good. p. 422.
3. SAME.—*Complaint.*—*Paragraphs.*—*Separate Filing of.*—*Effect.* —*Demurrer.*—Where a second paragraph of complaint was filed after issue was made on the first paragraph, the complaint there- after consisted of both paragraphs, and a demurrer thereto ques- tioned the sufficiency of both jointly. p. 422.
4. APPEAL.—*Right Result.*—Where the trial court reached the right result, its judgment will be affirmed. p. 423.

From Hancock Circuit Court; *Edward W. Felt*, Judge.

Action by Benjamin F. Koons, as administrator of the estate of Sarah Frederick, deceased, against Jacob Frederick. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*R. L. Mason* and *U. S. Jackson,* for appellant.

*Horace G. Yergin* and *William W. Cook,* for appellee.

RABB, J.—This action was brought by the appellee as administrator of the estate of Sarah Frederick, deceased, against the appellant, who was her surviving husband, to recover money alleged to have belonged to the deceased, and to have been wrongfully converted by the appellant to his own use. The complaint was in two paragraphs. A demurrer thereto was overruled, exceptions reserved, and a general denial filed. A jury trial was had, resulting in a verdict and judgment in favor of appellee. Appellant's motion for a new trial was overruled, and the overruling of the appellant's demurrer to the complaint and his motion for a new trial are assigned as errors here.

The first paragraph of the complaint contains many redundant allegations, but it does aver that the appellant converted to his own use and benefit $1,600, the property of said estate, which he refused, on demand, to turn over to the appellee. These allegations are sufficient to enable the complaint to withstand a demurrer. The allegation that $1,600 was converted means $1,600 in lawful money, and the failure to aver the amount of damages the estate sustained by reason of the unlawful conversion of the money was not a fatal omission. No question arises as to the sufficiency of the second paragraph of the complaint. Appellant seems to think he demurred to it, but the demurrer which he claims to have addressed to the second paragraph of the complaint was addressed, not to the second paragraph, but to the complaint. The complaint comprises both the first and second paragraphs, and if either was sufficient the demurrer was properly overruled. It is true the second paragraph was filed, the record shows, after issue was formed on the first paragraph, but that fact makes no difference. After the second paragraph of the complaint was filed, the complaint was comprised of the first and second paragraphs, and of neither alone,

and thereafter a demurrer, to raise any question as to the sufficiency of either paragraph, standing alone, should have been addressed to the proper paragraph, which it was claimed was not sufficient.

No error intervened in overruling appellant's motion for a new trial. The evidence abundantly supported the verdict of the jury, and substantial justice seems to have been done in the cause.

Judgment affirmed.